IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01881-REB-MJW

GREG SHRADER,

Plaintiff,

v.

DR. ALAN BIDDINGER,
EARIK BEANN,
WAVE 59 TECHNOLOGIES INT'L INC.,
WILLIAM BRADSTREET STEWART,
INSTITUTE OF COSMOLOGICAL ECONOMICS,
SACRED SCIENCE INSTITUTE, and
WAVE 59 TECHNOLOGIES INT'L INC. OWNER'S [sic] AND OFFICERS,

Defendants.

---

**ORDER REGARDING
MOTION TO STAY DISCOVERY PENDING DETERMINATION OF DEFENDANT
BIDDINGER'S MOTION CONTESTING PERSONAL JURISDICTION PURSUANT TO
FED. R. CIV. P. 12(B)(2)
(DOCKET NO. 8)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on the Defendant Biddinger's Motion to Stay Discovery Pending Determination of Defendant Biddinger's Motion Contesting Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) (docket no. 8). The court has reviewed the motion and the response (docket no. 11). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Defendant Biddinger requests that this court enter a stay pending decision on Defendant Biddinger's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and Failure to State a Claim and for Sanctions and Attorneys' Fees (docket no. 7). In support of the subject motion (docket no. 8), Defendant Biddinger, in essence, argues that a stay will serve the interests of judicial efficiency and economy.

Here, the court finds that Defendant Biddinger has demonstrated that a stay of discovery is warranted until this court rules on Defendant Biddinger's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and Failure to State a Claim and for Sanctions and Attorneys' Fees (docket no. 7). See Grant v. Potter, 2009 WL 3418131, at * 1 (D. Colo. Oct. 21 2009) ("Jurisdictional issues must be addressed at the beginning of every case and, if jurisdiction is found to be lacking, the case or claim comes to an immediate end."). Accordingly, in this court's discretion and in the interest of justice pursuant to S.E.C. v. Nacchio, 2005 WL 1799372, at *4-5 (D. Colo. July 28, 2005), the Defendant Biddinger's Motion to Stay Discovery Pending Determination of Defendant Biddinger's Motion Contesting Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) (docket no. 8) should be granted.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, the court **ORDERS**:

    1.    That Defendant Biddinger's Motion to Stay Discovery Pending Determination of Defendant Biddinger's Motion Contesting Personal

Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) (docket no. 8) is GRANTED. Discovery is STAYED until further Order of Court;

2. That each party shall pay their own attorney fees and costs; and GREG SHRADER,

3. That the Status Conference remains set on December 8, 2010, at 10:00 a.m. before Magistrate Judge Watanabe. The parties shall comply with this court's previous minute order dated October 5, 2010 (docket no. 6).

Done this 29th day of October 2010.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge