IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   10-cv-01881-REB-MJW

GREG SHRADER,

Plaintiff,

v.

DR.  ALAN BIDDINGER,
EARIK BEANN,
WAVE 59 TECHNOLOGIES INT'L INC.,
WILLIAM BRADSTREET STEWART,
INSTITUTE OF COSMOLOGICAL ECONOMICS,
SACRED SCIENCE INSTITUTE,   and
WAVE 59 TECHNOLOGIES INT'L INC. OWNER'S [sic]  AND OFFICERS,

Defendants.

---

**RECOMMENDATION ON
(1) MOTION OF DEFENDANTS WAVE 59 TECHNOLOGIES INT'L INC., AND EARIK BEANN TO CLOSE MATTER ADMINISTRATIVELY OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS (DOCKET NO. 34)
AND
(2) DEFENDANT BIDDINGER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM AND FOR SANCTIONS AND ATTORNEYS' [SIC] FEES (DOCKET NO. 7)**

---

**Entered by U.S. Magistrate Judge Michael J. Watanabe**

This matter is before the court on the Motion of Defendants Wave 59 Technologies International Inc., and Earik Beann to Close Matter Administratively or, in the Alternative, to Stay Proceedings (docket no. 34) and the Defendant Biddinger's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and Failure to State a Claim and for Sanctions and Attorneys' [sic] fees (docket no. 7)   The court has reviewed the subject motions (docket no. 34 and 7), the responses (docket 46, 47, 29

2

and 10), and the replies (docket no. 52 and 16).  In addition, the court has taken judicial notice of the court file and has considered applicable Federal. Rules of Civil Procedure and case law.  The court now being fully informed makes the following finding of fact, conclusions of law, and recommendations.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter;

2. That venue is proper in the state and district of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That on January 15, 2010, and on February 11, 2010, the court in the companion Oklahoma action, Case No. Civ-09-373-RAW, granted the Moving Defendants' Motions to Dismiss.  See Order of Dismissal attached as exhibit B to the subject motion (docket no. 34);

5. That on January 21, 2010, Plaintiff filed a first Notice of Appeal of the Order of Dismissal in the United States Court of Appeals for the Tenth Circuit, Case No. 10-7004.  See copy of first Notice of Appeal attached as exhibit C to the subject motion (docket no. 34);

6. That on March 17, 2010, Plaintiff filed a second Notice of Appeal of the Order of Dismissal in the United States Court of Appeals for the Tenth Circuit, Case no. 10-7015.  See exhibit D attached to the subject motion (docket no. 34).  The first and second Notices of

Appeal are hereinafter referred to as the "Oklahoma Appeals."

7. That no decision has been rendered on the Oklahoma Appeals as of the date of this Recommendation;

8. That on August 6, 2010, Plaintiff filed a Civil Complaint in this Court against the same Defendants, again alleging, *inter alia*, Civil Conspiracy, Libel, Publicity Placing a Person in False Light, and Intentional Infliction of Emotional Distress, based upon the same facts as alleged in the Civil Complaint in the Oklahoma action, Case No. Civ-09-373-RAW. See Civil Complaint exhibit E attached to the subject motion (docket no. 34);

9. That allowing competing lawsuits involving the same parties and the same issues in separate jurisdictions simultaneously has been viewed as a waste of judicial resources which could lead to conflicting results. "As between federal district courts . . . the general principle is to avoid duplicative litigation." Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976);

10. That the companion Oklahoma action, Case No. Civ-09-373-RAW, and the case at bar filed in Colorado raise, in essence, identical issues, the central questions in each case are the same, the same parties are involved, and only minor differences exist between the two actions. Thus, "the goal of judicial efficiency" will be served if the second court (i.e., U.S. District Court for the District of

4

Colorado) defers to the first-to-file forum (i.e., U.S. District Court for the Eastern District of Oklahoma). See Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 96 (9th Cir. 1982);

11. That an administrative closure of a case allows courts to manage their dockets more efficiently, particularly when, in the exercise of the court's sound discretion, a closure is prudent where the issues presented to the court can be resolved in an earlier-filed action pending in another federal district court. See Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc., 355 F. Supp.2d 848 (N.D. Tex. 2005);

12. That D.C.COLO.LCivR 41.2 states: **"A district judge or a magistrate judge exercising consent jurisdiction may direct the clerk to close a civil action administratively subject to reopening for good cause**." Accordingly, Local Rule 41.2 is the functional equivalent to a stay, and at least one Colorado court has ordered the administrative closure of a case pursuant to Local Rule 41.2 because of the pendency of an earlier-filed action, the resolution of which would have a pivotal effect upon the resolution of the case at bar. See American Family Mut. Ins. Co. v. Teamcorp, Inc., 659 F. Supp.2d 1115 (D. Colo. 2009). The Tenth Circuit's decision concerning the Oklahoma action, Case No. Civ-09-373-RAW, may very well have a material effect on the case at bar, and none of the common exceptions to the application of the

5

first-to-file rule are present; and

13. That in the interest of judicial economy and within the discretion of this court to manage its own docket efficiency and effectively, I find that the case at bar should be administratively closed pursuant to D.C.COLO.LCivR 41.2 until ruling by the Tenth Circuit on Oklahoma Appeals.

## RECOMMENDATION

**WHEREFORE**, based upon these finding of fact and conclusion of law this court **RECOMMENDS**:

1. That the Motion of Defendants Wave 59 Technologies International Inc., and Earik Beann to Close Matter Administratively or, in the Alternative, to Stay Proceedings (docket no. 34) be GRANTED and this case be administratively closed pursuant to D.C.COLO.LCivR 41.2 until further Order of Court;

2. That the parties be directed to file a copy of the Tenth Circuit's ruling concerning the first and second Notice of Appeals in the companion Oklahoma action, Case No. Civ-09-373-RAW, with the United States District Court for the District of Colorado in this case within five (5) business days from issuance of such ruling by the Tenth Circuit;

3. That Defendant Biddinger's Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and Failure to State a Claim and

for Sanctions and Attorneys' [sic] fees (docket no. 7) be DENIED WITHOUT PREJUDICE; and

4. That each party pay their own attorney fees and costs for the above two motions (docket nos. 34 and 7).

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 10th day of February 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE