IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   10-cv-01881-REB-MJW

GREG SHRADER,

Plaintiff(s),

v.

EARIK BEANN,
WAVE 59 TECHNOLOGIES INT'L INC.,
WILLIAM BRADSTREET STEWART,
INSTITUTE OF COSMOLOGICAL ECONOMICS,
SACRED SCIENCE INSTITUTE,   and
WAVE 59 TECHNOLOGIES INT'L INC. OWNER'S [sic]  AND OFFICERS,

Defendant(s).

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

      Before the court are a number of motions filed by the plaintiff in which he seeks to strike various documents filed by defendants.  In addition, the pro se plaintiff has filed some motions for sanctions, i.e., attorney fees, apparently in conjunction with some of the motions to strike.  In these motions, which are not models are clarity, plaintiff seems to make arguments or rehash his arguments concerning dispositive motions pending before this court, for which reports and recommendations will be issued in due course.  Such arguments, however, are properly made in responses to the respective dispositive motions, rather than in motions to strike every subsequent filing by defendants.  By filing these motions, plaintiff is wasting the court's scarce resources and is keeping the court from addressing the dispositive motions in this case.

      In sum, the court finds no merit to the motions to strike filed by the plaintiff, finding no basis in law or in fact to strike the various documents filed by the defendants.  Furthermore, the court finds no basis for the sanctions sought by the plaintiff because the plaintiff has not established that the defendants' filings at issue violate Fed. R. Civ. P. 11(b).  It is thus hereby

      **ORDERED** that the following seventeen (17) motions are **denied**:

(1) Docket No. 176 [Plaintiff Motion to Strike Defendants Second Motion to Dimiss Docket No. 167 and 167-1 (Reply Memorandum in Support of Motion by William Bradstreet Stewart, Institute of Cosmological Economics, Inc, and Sacred Science Institute (1) to Dismiss for Lack of Personal Jurisdiction; (20) to Dismiss

for Failure to State Claim; (3) to Dismiss for Improper Venue, and (4) for Attorney Fees and Sanctions]. The court notes that the plaintiff's reliance on Fed. R. Civ. P. 15(a)(1) is misplaced as it concerns amendment of pleadings, not a reply in support of a motion.

(2) Docket No. 180 [Plaintiff Motion to Strike Defendants Second Motion "Response of Defendants Wave 59 Technologies Int'l Inc. And Earik Beann to "Plaintiff Request to Clerk of Court for Default in Accordance with F.R.C.P. 55" Against Unamed Wave 59 Technologies Int'l Inc Owners and Officers" DN 178-179];

(3) Docket No. 190 [Plaitntiff Second Motion to Strike Defendants Waves 59 Technologies Int'l Inc. And Earik Beann to Plaintiff's Objections to Defendants Motion to Includ Wave59 Technologies Int'l Inc. Owners and Officers in Motion to Dismiss. Docket no. 189 as they are Circumventing the Rules of Court];

(4) Docket No. 195 [Plaitniff ___ Motion to Strike Docket No. 192 Defendants Waves 59 Technologies Int'l Inc. And Earik Beann to Plaintiff's Objections to Defendants Motion to Include Wave59 Technologies Int'l Inc. Owners and Officers in Motion to Dismiss. Docket no. 189 as they are Circumventing the Rules of Court];

(5) Docket No. 199 [Plaitntiff **Forth** Motion to Strike, Mr. Braun is misunderstanding the FRCP and misapplying the case law he is citing. Docket no. 197 and 198.];

(6) Docket No. 206 [Plaitntiff Sixth Motion to Strike, Mr. Braun is misunderstanding the FRCP and misapply the case law he is citing. Docket no. 204.];

(7) Docket No. 209 [Plaitntiff Seventh Motion to Object Mr. Braun is misunderstanding the FRCP and misapplying the case law he is citing. Docket no. 208.];

(8) Docket No. 214 [Plaitntiff Eight Motion to Object. Mr. Braun is misunderstanding the FRCP and misapplying the case law he is citing. Further, Mr. Braun is making several misstatements to the Court. On Docket no. 211, 212];

(9) Docket No. 217 [Plaitntiff Ninth Motion to Object to, Mr. Braun is Objections to Plaintiffs Objections to Mr. Brum Trying to Circumvent the F.R.C.P. Docket No. 216.];

(10) Docket No. 220 [Plaitntiff Motion for Legal Fees in Accordance with F.R.C.P. Rule 11];

3

     (11) Docket No. 221 [Plaitntiff Tenth Motion to Object To, Mr. Braun is response of Defendants Earik Beann and Wave9 Technologies Int'l Inc. To Plaintiffs Eight Motion to Object.  Mr. Brum Trying to Circumvent the F.R.C.P. Docket No. 219];

     (12) Docket No. 224 [Plaitntiff 11th Motion to Object To, Mr. Braun is response of Defendants Earik Beann and Wave9 Technologies Int'l Inc. To Plaintiffs Eight Motion to Object.  Mr. Brum Trying to Circumvent the F.R.C.P. Docket No. 223];

     (13) Docket No. 225 [Plaitntiff Motion for Legal Fees in Accordance with F.R.C.P. Rule 11];

     (14) Docket No. 229 [Plaitntiff 12th Motion to Object To, Br. Braun is Response of Defendants Earik Beann and Wave9 Technologies Int'l Inc. To Plaintiffs Eight Motion to Object.  Mr. Brum Trying to Circumvent the F.R.C.P. Docket No. 228];

     (15) Docket No. 230 [Plaitntiff Motion for Legal Fees in Accordance with F.R.C.P. Rule 11];

     (16) Docket No. 234 [Plaitntiff Motion for Legal Fees in Accordance with F.R.C.P. Rule 11]; and

     (17) Docket No. 235 [Plaitntiff 13th Motion to Object To, Mr. Braun is Response of Defendants Earik Beann and Wave9 Technologies Int'l Inc. To Plaintiffs Eight Motion to Object.  Mr. Brum Trying to Circumvent the F.R.C.P. Docket No. 233];

     It is further **ORDERED** that the Motion of Defendants Wave 59 Technologies Int'l Inc. And Earik Beann to Withdraw Docket #201 (Response to Plaintiff's Motion to Strike [199]) and to Allow Filing of Replacement Response out of Time **(Docket No. 204)** is **granted**, and Docket No. 201 is deemed to be withdrawn.

     It is thus further **ORDERED** that Docket No. 202 [Plaitntiff <u>Fifth</u> Motion to Strike. Mr. Braun is misunderstanding the FRCP and misapplying the case law he is citing. Docket no. 201.] is **denied as moot**.

     It is further **ORDERED** that Docket No. 117 is **stricken** because the plaintiff has included a motion within his response to the motion to dismiss in violation of D.C.COLO.LCivR 7.1(C) ("A motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate paper.").  Plaintiff shall have 20 days from the date of this Minute Order to file a response to the motion to dismiss (Docket No. 98) in accordance with D.C.COLO.LCivR 7.1(C).

Date: December 22, 2011