IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01881-REB-MJW

GREG SHRADER,

Plaintiff(s),

v.

EARIK BEANN,
WAVE 59 TECHNOLOGIES INT'L INC.,
WILLIAM BRADSTREET STEWART,
INSTITUTE OF COSMOLOGICAL ECONOMICS,
SACRED SCIENCE INSTITUTE,   and
WAVE 59 TECHNOLOGIES INT'L INC. OWNER'S [sic]  AND OFFICERS,

Defendant(s).

**ORDER
ON MOTION OF [FORMER] DEFENDANT ALAN BIDDINGER, M.D. FOR ENTRY OF
MONEY JUDGMENT FOR ATTORNEY FEES (Docket No. 150)**

**Entered by Magistrate Judge Michael J. Watanabe**

In an Order entered on April 27, 2011, Judge Blackburn dismissed the claims against defendant Dr. Allan Biddinger without prejudice for lack of personal jurisdiction over defendant in this forum.  In addition, Judge Blackburn directed that defendant Biddinger be awarded "his reasonable attorney fees as required by § 13-17-201, C.R.S.," provided that by May 18, 2011, he file a motion for attorney fees in form and substance to the requirements of D.C.COLO.LCivR 54.3.  (See Docket No. 128 at 3).

Defendant Biddinger timely filed such motion, namely the Motion of [Former] Defendant Alan Biddinger, M.D. for Entry of Money Judgment for Attorney Fees (Docket

No. 150), which is now before the court. The pro se plaintiff filed "Plaintiff Written Objections to. Docket No. 150 Motion of [Former] Defendant Alan Biddinger, M.D. for Entry of Money Judgment for Attorney Fees" (Docket No. 163). The court has very carefully reviewed the motion (Docket No. 150) and the response thereto (Docket No. 163). In addition, the court has considered applicable Federal Rules of Civil Procedure and case law and has taken judicial notice of the court's file. The court now being fully informed makes the following findings, conclusions of law, and Order.

Section 13-17-201, C.R.S., provides that where any tort action is dismissed on motion of the defendant before trial under Rule 12(b) of the Colorado Rules of Civil Procedure, "such defendant shall have judgment for his reasonable attorney fees in defending the action." § 13-17-201, C.R.S. "The statute has been held equally applicable to a dismissal under Fed. R. Civ. P. 12(b) of a tort claim brought pursuant to Colorado law." Brammer-Hoelter v. Twin Peaks Charter Academy, 81 F. Supp.2d 1090, 1102 (D. Colo. 2000).

When evaluating a motion for attorney fees, the court must follow the three-step process set forth in Ramos v. Lamm, 713 F.2d 546 (10th Cir.1983), overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 725 (1987). Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 2011 WL 3568165, at *2 (D. Colo. Aug. 15, 2011). The first step in determining a fee award is to determine the number of hours reasonably spent by counsel for the party seeking the fees. Malloy v. Monahan, 73 F.3d 1012, 1017 (10th Cir. 1996); Ramos, 713 F.2d at 553. Factors considered in a reasonableness determination include: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity

of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to a specific task. Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 2011 WL 3568165, at *2 (D. Colo. Aug. 15, 2011) (citing Rocky Mountain Christian Church v. Board of County Comm'rs of Boulder County, 2010 WL 3703224, at *2-3 (D.Colo. Sept. 13, 2010)). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Although courts are obligated to exclude hours not reasonably expended from the fee award, courts need not "identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'" Malloy, 73 F.3d at 1018 (quoting Hensley, 461 U.S. at 437); Fox v. Vice, 131 S. Ct. 2205, 2216 (2011) ("[C]ourts need not, and indeed should not, become green-eyeshade accountants.  The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.  So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.").

Once the Court has determined the number of hours reasonably spent, it must then determine a reasonable hourly rate of compensation. Ramos, 713 F.2d at 555. "A reasonable rate is the prevailing market rate in the relevant community." Malloy, 73 F.3d at 1018 (citing Blum v. Stenson, 465 U.S. 885, 897 (1984)). The party seeking the award has the burden of persuading the court that the hours expended and the hourly

rate are both reasonable. Id.

The third step consists of multiplying the reasonable hourly rate by the number of hours reasonably expended to determine the "lodestar" amount. Hensley, 461 U.S. at 433.

Here, defendant Biddinger has complied with the requirements for seeking attorney fees set forth in D.C.COLO.LCivR 54.3. He seeks attorney fees of $39,886.50. More specifically, he seeks an award based upon hourly rates of $425 for the senior attorneys involved in this case for time expended in 2010 and $445 per hour for time expended by one of the senior attorneys in 2011. In addition, for the time of the legal assistant who contributed to the defense, defendant seeks to recover $190 per hour for time expended in 2010 and $195 per hour for time expended in 2011. Defendant asserts that these hourly rates are reasonable in light of the prevailing rates charged for similar services in the marketplace of this district, the experience and skill of the attorneys and legal professionals who performed the necessary tasks, the relative complexity of the legal issues that resulted in dismissal of the case pursuant to Rule 12(b), and by the success of the outcome. The total hours claimed to have been expended are as follows: senior attorney Thomas B. Kelley - 42.3 hours at $425 per hour and 27.3 hours at $445 per hour, for a total of $30,126.00; senior attorney Steven D. Zansberg - 10.2 hours at $425 per hour, for a total of $4335.00; legal assistant Marla D. Kelley - 18.6 hours at $190 per hour and 9.7 hours at $195 per hour, for a total of $5,425.50. The total time alleged to have been expended by counsel and the legal assistant is 108.1 hours.

Plaintiff objects to the amount of fees sought - both the number of hours

expended and the hourly rates claimed.

The court has followed the three-step process set forth in <u>Ramos v. Lamm</u> in evaluating the defendant's claim for attorney fees. The court has reviewed the documentation submitted by defense counsel and finds that the number of hours claimed are reasonable. The billing entries are sufficiently detailed, showing how much time was allotted to the various tasks. The amount of time spent on a the various itemized tasks appears reasonable in light of the complexity of the case, the strategies pursued, and the work necessitated by the plaintiff's filings. A review of the docket reflects the sheer volume of filings in this case, a lot of which was by the plaintiff, all of which defense counsel had to review. In addition, the time expended was reasonable in relation to counsels' experience. Finally, upon review of the billing entries, the court finds that defendant is entitled to recover fees for the itemized work of the legal assistant.

With regard to the reasonableness of the rates, the court is familiar with the rates charged by attorneys in this area and concludes that a rate of $425 per hour for the senior attorneys, given their experience, skill, and specialization, is reasonable. Recently Judge Arguello found that the $425 hourly rate sought by attorney Thomas B. Kelley (one of the senior attorneys seeking fees here) was reasonable. <u>Brokers' Choice of Am., Inc. v. NBC Universal, Inc.</u>, 2011 WL 3568165, at *9 (D. Colo. Aug. 15, 2011). The court, however, finds that the hourly fee sought for the legal assistant's time is somewhat excessive and finds that an hourly rate of $75 would be a reasonable hourly rate of compensation in this area.

Multiplying the reasonable hourly rate by the number of hours reasonably

6

expended, the court finds that defendant Biddinger should be awarded a total of $36,037.50 as reasonable attorney fees in this action. More specifically, the amount is broken down as follows: for senior attorney Thomas B. Kelley - 69.6 hours at $425 per hour, for a total of $29,580.00; for senior attorney Steven D. Zansberg - 10.2 hours at $425 per hour, for a total of $4,335.00; and legal assistant Marla D. Kelley - 28.3 hours at $75, for a total of $2,122.50.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that the Motion of [Former] Defendant Alan Biddinger, M.D. for Entry of Money Judgment for Attorney Fees (Docket No. 150) is granted to the extent that defendant Alan Biddinger, M.D., shall be awarded attorney fees in the amount of $36,037.50.

Date: February 17, 2012