**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01881-REB–MJW

GREG SHRADER,

    Plaintiff,

v.

EARIK BEANN,
WAVE 59 TECHNOLOGIES INT'L INC., owners and officers,
WILLIAM BRADSTREET STEWART,
INSTITUTE OF COSMOLOGICAL ECONOMICS, and
SACRED SCIENCE INSTITUTE,

    Defendants.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the magistrate judge's **Recommendation on (1) Motion of Defendants Wave 59 Technologies Int'l Inc. and Earik Beann To Dismiss This Matter Pursuant to F.R.C.P. [sic] 12(b)(6) (Docket No. 98), (2) Motion by Defendants William Bradstreet Stewart, Institute of Cosmological Economics, Inc., and Sacred Science Institute: (1) To Dismiss for Lack of Personal Jurisdiction; (2) To Dismiss for Failure To State a Claim; (3) To Dismiss for Improper Venue, and (4) for Attorneys' Fees and Sanctions (Docket No. 118), (3) Plaintiff [sic] Request to Clerk of Court for Default in Accordance With F.R.C.P. [sic] 55 (Docket No. 154), (4) Motion of Defendants Wave 59 Technologies Int'l Inc. and Earik Beann To Include Wave 59 Technologies Int'l Inc. Owners and Officers in Motion To Dismiss or, in the Alternative, for Leave To Amend Answer (Docket No. 168), and (5) Plaintiff's**

**Motion of Summary of Judgment Against Wave59 Technologies Int'l Inc. and Earik Beann (Docket No. 245)** [#257][1] filed February 17, 2012; (2) **Plaintiff Greg Shrader** [*sic*] **Objections to Magistrate Ruling for Defendants William Bradstreet Stewart, Institute of Cosmological Economics, Inc., and Sacred Science Institute** [#261] filed March 1, 2012; and (3) **Plaintiffs** [*sic*] **Written Objections to Magistrate Ruling for Earik Beann, Wave59 Technologies Intl Inc., Wave59 Technologies Int'l Inc.** [*sic*], **and Wave59 Technologies Int'l Inc. Owners and Officers** [#262] filed March 1, 2012. I overrule the objections, adopt the recommendation, deny plaintiff's motions for default judgment and summary judgment, grant defendants' motions to dismiss, and order that judgment be entered as provided herein.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. I have considered carefully the recommendation, objections, and applicable caselaw.

Moreover, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).[2] I have not acted as an advocate

---

[1] "[#257]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] I have also given plaintiff considerable leeway in filing objections that well exceed the reasonable page limitations imposed by Civil Practice Standards without leave of court or a showing of good cause. *See* **REB Civ. Practice Standard** IV.B.1 (limiting objections to 15 pages).

for the plaintiff.

The recommendation is detailed and well-reasoned. Contrastingly, plaintiff's objections are imponderous and without merit.

Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the magistrate judge's **Recommendation on (1) Motion of Defendants Wave 59 Technologies Int'l Inc. and Earik Beann To Dismiss This Matter Pursuant to F.R.C.P. [sic] 12(b)(6) (Docket No. 98), (2) Motion by Defendants William Bradstreet Stewart, Institute of Cosmological Economics, Inc., and Sacred Science Institute: (1) To Dismiss for Lack of Personal Jurisdiction; (2) To Dismiss for Failure To State a Claim; (3) To Dismiss for Improper Venue, and (4) for Attorneys' Fees and Sanctions (Docket No. 118), (3) Plaintiff [sic] Request to Clerk of Court for Default in Accordance With F.R.C.P. [sic] 55 (Docket No. 154), (4) Motion of Defendants Wave 59 Technologies Int'l Inc. and Earik Beann To Include Wave 59 Technologies Int'l Inc. Owners and Officers in Motion To Dismiss or, in the Alternative, for Leave To Amend Answer (Docket No. 168), and (5) Plaintiff's Motion of Summary of Judgment Against Wave59 Technologies Int'l Inc. and Earik Beann (Docket No. 245)** [#257] filed February 17, 2012, is **APPROVED AND ADOPTED** as an order of this court;

2. That the objections stated in **Plaintiff Greg Shrader** [*sic*] **Objections to**

**Magistrate Ruling for Defendants William Bradstreet Stewart, Institute of Cosmological Economics, Inc., and Sacred Science Institute** [#261] filed March 1, 2012, are **OVERRULED**;

3. That the objections stated in **Plaintiffs** [*sic*] **Written Objections to Magistrate Ruling for Earik Beann, Wave59 Technologies Intl Inc., Wave59 Technologies Int'l Inc.** [*sic*]**, and Wave59 Technologies Int'l Inc. Owners and Officers** [#262] filed March 1, 2012, are **OVERRULED**;

4. That the **Motion of Defendants Wave 59 Technologies Int'l Inc. and Earik Beann To Dismiss This Matter Pursuant to F.R.C.P. 12(b)(6)** [#98] filed March 22, 2011, is **GRANTED**;

5. That the **Motion by Defendants William Bradstreet Stewart, Institute of Cosmological Economics, Inc., and Sacred Science Institute: (1) To Dismiss for Lack of Personal Jurisdiction; (2) To Dismiss for Failure To State a Claim; (3) To Dismiss for Improper Venue, and (4) for Attorneys' Fees and Sanctions** [#118] filed April 8, 2011, is **GRANTED**;

6. That the **Motion of Defendants Wave 59 Technologies Int'l Inc. and Earik Beann To Include Wave 59 Technologies Int'l Inc. Owners and Officers in Motion To Dismiss or, in the Alternative, for Leave To Amend Answer** [#168] is **GRANTED**;

7. That **Plaintiff** [*sic*] **Request to Clerk of Court for Default in Accordance With F.R.C.P.** [*sic*] **55** [#154] filed May 11, 2011, is **DENIED**;

8. That **Plaintiff's Motion of** [*sic*] **Summary of Judgment Against Wave59 Technologies Int'l Inc. and Earik Beann** [#245] filed January 5, 2012, is **DENIED**;

9. That the claims for relief of plaintiff against defendants, William Bradstreet Stewart, Institute of Cosmological Economics, and Sacred Science Institute, are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction in this forum;

10. That the claims for relief of plaintiff against defendants, Earik Beann, Wave59 Technologies Int'l Inc., and Wave59 Technologies Int'l Inc. Owners and Officers, are **DISMISSED** as follows:

> a. That plaintiff's claims against these defendants for conspiracy are **DISMISSED WITHOUT PREJUDICE**; and
>
> b. That all plaintiff's remaining claims against these defendants are **DISMISSED WITH PREJUDICE**;

11. That judgment **SHALL ENTER** on behalf of defendants, Earik Beann, Wave59 Technologies Int'l Inc., Wave59 Technologies Int'l Inc. Owners and Officers, William Bradstreet Stewart, Institute of Cosmological Economics, and Sacred Science Institute, against plaintiff, Greg Shrader, as to all claims for relief and causes of action asserted against them in this action; provided however, as follows:

> a. That the judgment as to plaintiff's claims against defendants, William Bradstreet Stewart, Institute of Cosmological Economics, and Sacred Science Institute, **SHALL BE** without prejudice;
>
> b. That the judgment as to plaintiff's claim of conspiracy against defendants, Earik Beann, Wave59 Technologies Int'l Inc., Wave59 Technologies Int'l Inc. Owners and Officers, **SHALL BE** without prejudice; and

    c. That the judgment as to all plaintiff's remaining claims against defendants, Earik Beann, Wave59 Technologies Int'l Inc., Wave59 Technologies Int'l Inc. Owners and Officers, **SHALL BE** with prejudice;

  12. That judgment **SHALL ENTER** also on behalf of former defendant, Dr. Alan Biddinger, against plaintiff, Greg Shrader, in accordance with my order **Overruling Objections to and Adopting Recommendation of the United States Magistrate Judge** ¶ 6 at 3 [#128] filed April 27, 2011; provided, that the judgment as to the claims against this defendant **SHALL BE** without prejudice;

  13. That defendants, Earik Beann, Wave59 Technologies Int'l Inc., Wave59 Technologies Int'l Inc. Owners and Officers, William Bradstreet Stewart, Institute of Cosmological Economics, and Sacred Science Institute **SHALL BE AWARDED** their reasonable attorney fees as required by §13-17-201, C.R.S.; provided that any motion for attorney fees **SHALL BE FILED** by April 13, 2012, and **SHALL CONFORM** in form and substance to the requirements of **D.C.COLO.LCivR** 54.3; and

  14. That defendants, Earik Beann, Wave59 Technologies Int'l Inc., Wave59 Technologies Int'l Inc. Owners and Officers, are **AWARDED** their costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

  Dated March 21, 2012, at Denver, Colorado.

            **BY THE COURT:**

            Robert E. Blackburn
            United States District Judge