IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01881-REB-MJW

GREG SHRADER,

Plaintiff(s),

v.

EARIK BEANN,
WAVE 59 TECHNOLOGIES INT'L INC.,
WILLIAM BRADSTREET STEWART,
INSTITUTE OF COSMOLOGICAL ECONOMICS,
SACRED SCIENCE INSTITUTE, and
WAVE 59 TECHNOLOGIES INT'L INC. OWNER'S [sic] AND OFFICERS,

Defendant(s).

---

**ORDER ON
MOTION OF DEFENDANTS WAVE59 TECHNOLOGIES INT'L INC. AND EARIK
BEANN FOR ENTRY OF MONEY JUDGMENT FOR ATTORNEY FEES
(Docket No. 288)
and
MOTION FOR ATTORNEYS' FEES OF DEFENDANTS WILLIAM BRADSTREET
STEWART, SACRED SCIENCE INSTITUTE AND INSTITUTE OF COSMOLOGICAL
ECONOMICS, INC. (Docket No. 290)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

In an Order entered on March 21, 2012 (Docket No. 276), Judge Blackburn dismissed the claims against defendants William Bradstreet Stewart, Institute of Cosmological Economics, and Sacred Science Institute ("the Stewart defendants") without prejudice for lack of personal jurisdiction in this forum. (Docket No. 276 at 5). With respect to the claims for relief of plaintiff against defendants Earik Beann, Wave59 Technologies Int'l Inc., and Wave59 Technologies Int'l Owners and

Officers ("the Wave59 defendants"), Judge Blackburn dismissed such claims as follows: the claims against such defendants for conspiracy were dismissed without prejudice, and all of plaintiff's remaining claims against such defendants were dismissed with prejudice. (Docket No. 276 at 5). In addition, Judge Blackburn directed "[t]hat defendants, Earik Beann, Wave59 Technologies Int'l Inc., Wave59 Technologies Int'l Inc. Owners and Officers, William Bradstreet Stewart, Institute of Cosmological Economics, and Sacred Science Institute **SHALL BE AWARDED** their reasonable attorney fees as required by §13-17-201, C.R.S.; provided that any motion for attorney fees **SHALL BE FILED** by April 13, 2012, and **SHALL CONFORM** in form and substance to the requirements of **D.C.COLO.LCivR** 54.3." (Docket No. 276 at 6).

The Wave59 and the Stewart defendants have timely filed such motions for attorney fees and have complied with the requirements for seeking attorney fees set forth in D.C.COLO.LCivR 54.3. (Docket Nos. 288 and 290). Plaintiff has filed his purported objections to such motions. (Docket Nos. 292 and 293).[1] The court has very carefully reviewed the two motions (Docket Nos. 288 and 290). In addition, the court has considered the section of the plaintiff's prolix objections that actually addresses the motions for fees (Docket No. 292 at 100-02) but has not considered the other sections that yet again address the merits of the case and the court's prior rulings. Finally, the court has considered applicable Federal Rules of Civil Procedure

---

[1] Only 2.5 pages out of 105 pages filed by plaintiff as objections address the motions at issue. The rest is nothing more than a rambling rehash of plaintiff's arguments concerning the merits of the case and the court's prior rulings.

3

and case law and has taken judicial notice of the court's file. The court now being fully informed makes the following findings, conclusions of law, and Order.

Section 13-17-201, C.R.S., provides that where any tort action is dismissed on motion of the defendant before trial under Rule 12(b) of the Colorado Rules of Civil Procedure, "such defendant shall have judgment for his reasonable attorney fees in defending the action." § 13-17-201, C.R.S. "The statute has been held equally applicable to a dismissal under Fed. R. Civ. P. 12(b) of a tort claim brought pursuant to Colorado law." Brammer-Hoelter v. Twin Peaks Charter Academy, 81 F. Supp.2d 1090, 1102 (D. Colo. 2000).

When evaluating a motion for attorney fees, the court must follow the three-step process set forth in Ramos v. Lamm, 713 F.2d 546 (10th Cir.1983), overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 725 (1987). Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 2011 WL 3568165, at *2 (D. Colo. Aug. 15, 2011). The first step in determining a fee award is to determine the number of hours reasonably spent by counsel for the party seeking the fees. Malloy v. Monahan, 73 F.3d 1012, 1017 (10th Cir. 1996); Ramos, 713 F.2d at 553. Factors considered in a reasonableness determination include: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to a specific task. Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 2011 WL 3568165, at *2 (D. Colo. Aug. 15, 2011) (citing Rocky

4

Mountain Christian Church v. Board of County Comm'rs of Boulder County, 2010 WL 3703224, at *2-3 (D.Colo. Sept. 13, 2010)). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Although courts are obligated to exclude hours not reasonably expended from the fee award, courts need not "identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'" Malloy, 73 F.3d at 1018 (quoting Hensley, 461 U.S. at 437); Fox v. Vice, 131 S. Ct. 2205, 2216 (2011) ("[C]ourts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.").

Once the Court has determined the number of hours reasonably spent, it must then determine a reasonable hourly rate of compensation. Ramos, 713 F.2d at 555. "A reasonable rate is the prevailing market rate in the relevant community." Malloy, 73 F.3d at 1018 (citing Blum v. Stenson, 465 U.S. 885, 897 (1984)). The party seeking the award has the burden of persuading the court that the hours expended and the hourly rate are both reasonable. Id.

The third step consists of multiplying the reasonable hourly rate by the number of hours reasonably expended to determine the "lodestar" amount. Hensley, 461 U.S. at 433.

Here, the Wave59 defendants seek attorney fees totaling $46,664.78. They

have filed an affidavit of counsel which includes copies of all of the invoices counsel's firm submitted to the Wave59 defendants for this case through March 2012 and an invoice breakdown showing the total professional time for each invoice, the total for all invoices, the average hourly charge, and the total paid by the defendants. These documents reflect that although the time was initially billed to the clients at the rates of $285 per hour for attorney time and $150 per hour for legal assistant time, those bills were later compromised as an accommodation to the clients, down to $174.66 and $98.14 per hour, respectively. The total bill is broken down as 261.9 hours of attorney time at an average rate of $174.66 per hour for a total of $45,742.28, and 9.4 hours of legal assistant services at the average rate of $98.14 per hour for a total of $992.50, thus leading to a total of $46,664.78. These hours are supported by the detailed billing records submitted. The Wave59 defendants note that these legal fees equal .03 percent of the potential damages award against them, noting that plaintiff's Complaint (Docket No. 1) asserted a claim for $5 million against each defendant for emotional pain and suffering, severe emotional distress, loss of reputation, and prospective economic loss, $5 million against each for collectively and individually defaming and casting the plaintiff in a false light, and $5 million in punitive damages. In addition, they note the inordinate filings by the plaintiff, which were grammatically convoluted and needlessly lengthy, thereby necessitating the expenditure of substantial amount of time to review them, research of the law ostensibly argued by plaintiff, and preparation of succinct responses and replies. Furthermore, they address the complexity of the case and note that as a result of their counsel's efforts, this matter has been dismissed.

The Stewart defendants seek attorney fees totaling $29,737.50, broken down as

follows: 99.9 hours by attorney Christ C. Polychron at a rate of $285 per hour (total $28,471.50); 1.8 hours by attorney Rory R. Wicks at a rate of $345 per hour (total $621.00); 0.7 hours by attorney Ross M. Campbell at a rate of $150 per hour (total $105.00); and 5.4 hours by legal assistants at a rate of $100 per hour (total $540). These hours are supported by their detailed billing entries. The Stewart defendants assert that these hourly rates are reasonable in light of the gravity of plaintiff's allegations, the strategies pursued by plaintiff, the complexity of the case, and the work necessitated by plaintiff's filings. In addition, they assert that the amount of time is supported by the fact that the time spent is generally consistent with and in fact is less than the time spent by the attorneys for the other defendants in this case. Furthermore, they assert that the rates are reasonable and in fact are substantially reduced from the attorneys' default billing rates. For example, attorney Polychron's reduced rate of $285 per hour is said to be the rate charged for him as an associate in 2005 and even then was adjudicated to be a reasonable rate for purposes of determining a reasonable fee award. They also assert that the rates are reasonable in light of the skill demonstrated by counsel, the complexity of the issues involved, and the beneficial results obtained on behalf of the Stewart defendants.

Plaintiff objects to the amount of fees sought, both the number of hours expended and the hourly rates claimed. He does not agree with the statements made regarding the complexity of the issues.

The court has followed the three-step process set forth in Ramos v. Lamm in evaluating these defendants' claims for attorney fees. The court has reviewed the documentation submitted by defense counsel and finds that the number of hours

claimed are reasonable. The billing entries attached to both motions are sufficiently detailed, showing how much time was allotted to the various tasks. The amount of time spent on a the various itemized tasks appears reasonable in light of the complexity of the case, the strategies pursued, and the work necessitated by the volume, quality, length, and content of the plaintiff's filings. As this court has previously observed, a review of the docket reflects the sheer volume of filings in this case, a lot of which was by the plaintiff, and all of which defense counsel had to review. In addition, the time expended was reasonable in relation to counsels' experience. Finally, upon review of the billing entries, the court finds that the Stewart and the Wave59 defendants are entitled to recover fees for the itemized work of the legal assistants.

With regard to the reasonableness of the rates, the court is familiar with the rates charged by attorneys in this area and concludes that given their experience, skill, and specialization, the rates sought by the various attorneys are reasonable. This court notes that Judge Arguello has found that an hourly rate $425 was reasonable. Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 2011 WL 3568165, at *9 (D. Colo. Aug. 15, 2011). The fees sought here are substantially lower. As before with respect to defendant Biddinger in this case, however, the court, finds that the hourly fee sought for legal assistant time is somewhat excessive and finds that an hourly rate of $75 would be a reasonable hourly rate of compensation in this area.

Multiplying the reasonable hourly rate by the number of hours reasonably expended, the court finds as follows. The Wave59 defendants should be awarded a total of **$46,448.45** as reasonable attorney fees in this action. Mores specifically, the amount is broken down as follows: 261.9 hours of attorney time at an average rate of

8

$174.66 per hour for a total of $45,743.45, and 9.4 hours of legal assistant services at a rate of $75 per hour for a total of $705.00.  The Stewart defendants should be awarded a total of **$29,602.50** as reasonable attorney fees in this action.  More specifically, the amount is broken down as follows:  99.9 hours by attorney Christ C. Polychron at a rate of $285 per hour (total $28,471.50); 1.8 hours by attorney Rory R. Wicks at a rate of $345 per hour (total $621.00); 0.7 hours by attorney Ross M. Campbell at a rate of $150 per hour (total $105.00); and 5.4 hours by legal assistants at a rate of $75 per hour (total $405.00).

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that the Motion of Defendants Wave59 Technologies Int'l Inc. And Earik Beann for Entry of Money Judgment for Attorney Fees (Docket No. 288) is granted to the extent that defendants Wave59 Technologies Int'l Inc. And Earik Beann shall be awarded attorney fees in the amount of **$46,448.45**.  It is further

**ORDERED** that the Motion for Attorneys' Fees of Defendants William Bradstreet Stewart, Sacred Science Institute and Institute of Cosmological Economics, Inc. (Docket No. 290) is granted to the extent that defendants William Bradstreet Stewart, Sacred Science Institute, and Institute of Cosmological Economics, Inc., shall be awarded attorney fees in the amount of  **$29,602.50** .

Date:  June 26,  2012                                              s/ Michael J. Watanabe
         Denver, Colorado                                          Michael J. Watanabe
                                                                                United States Magistrate Judge