IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01881-REB-MJW

GREG SHRADER,

Plaintiff(s),

v.

DR. ALAN BIDDINGER,
EARIK BEANN,
WAVE 59 TECHNOLOGIES INT'L INC.,
WILLIAM BRADSTREET STEWART,
INSTITUTE OF COSMOLOGICAL ECONOMICS,
SACRED SCIENCE INSTITUTE,  and
WAVE 59 TECHNOLOGIES INT'L INC. OWNER'S [sic]  AND OFFICERS,

Defendant(s).

## ORDER ON

**PLAINTIFF [sic] WRITTEN OBJECTIONS TO MOTION FOR AWARD OF ATTORNEY FEES (Docket No. 301),**

**MOTION FOR ENTRY OF MONEY JUDGMENT FOR ATTORNEYS' FEES BY DEFENDANT-APPELLEE DR. ALAN BIDDINGER (Docket No. 302),**

**MOTION OF WAVE59 TECHNOLOGIES INT'L, INC. AND EARIK BEANN FOR APPEAL-RELATED ATTORNEYS' FEES (Docket No. 306), and**

**MOTION FOR AWARD OF ATTORNEYS' FEES INCURRED ON APPEAL OF DEFENDANTS WILLIAM BRADSTREET STEWART, SACRED SCIENCE INSTITUTE AND INSTITUTE OF COSMOLOGICAL ECONOMICS, INC. (Docket No. 308)**

**Entered by Magistrate Judge Michael J. Watanabe**

In an Order entered on April 27, 2011, Judge Blackburn dismissed the plaintiff's

claims against defendant Dr. Alan Biddinger without prejudice for lack of personal

jurisdiction over defendant in this forum and awarded Dr. Biddinger his reasonable

2

attorney fees as required by § 13-17-201, C.R.S., provided he filed a motion for such that conformed in substance to the requirements of D.C.COLO.LCivR 54.3. (Docket No. 128). On February 17, 2012, I granted Dr. Biddinger's Motion for Entry of Money Judgment for Attorney Fees (Docket No. 15) to the extent that Dr. Biddinger was awarded attorney fees in the amount of $36,037.50. (Docket No. 258).

In an Order entered on March 21, 2012 (Docket No. 276), Judge Blackburn dismissed the claims against defendants William Bradstreet Stewart, Institute of Cosmological Economics, and Sacred Science Institute ("the Stewart defendants") without prejudice for lack of personal jurisdiction in this forum. (Docket No. 276 at 5). With respect to the plaintiff's claims for relief against defendants Earik Beann, Wave59 Technologies Int'l Inc., and Wave59 Technologies Int'l Owners and Officers ("the Wave59 defendants"), Judge Blackburn dismissed such claims as follows: the claims against such defendants for conspiracy were dismissed without prejudice, and all of plaintiff's remaining claims against such defendants were dismissed with prejudice. (Docket No. 276 at 5). In addition, Judge Blackburn directed that defendants, Earik Beann, Wave59 Technologies Int'l Inc., Wave59 Technologies Int'l Inc. Owners and Officers, William Bradstreet Stewart, Institute of Cosmological Economics, and Sacred Science Institute be awarded their reasonable attorney fees as required by §13-17-201, C.R.S., provided they file a motion for such that conformed in substance to the requirements of D.C.COLO.LCivR 54.3. (Docket No. 276 at 6).

In an Order entered on June 26, 2012, I granted the Motion of Defendants Wave59 Technologies Int'l Inc. and Earik Beann for Entry of Money Judgment for Attorney Fees (Docket No. 288) to the extent that defendants Wave59 Technologies

Int'l Inc., and Earik Beann were awarded attorney fees in the amount of $46,448.45. (Docket No. 297). In that same Order, I also granted the Motion for Attorneys' Fees of Defendants William Bradstreet Stewart, Sacred Science Institute and Institute of Cosmological Economics, Inc. (Docket No. 290), to the extent that defendants William Bradstreet Stewart, Sacred Science Institute, and Institute of Cosmological Economics, Inc., were awarded attorney fees in the amount of $29,602.50.

Plaintiff appealed the dismissal of his claims and the attorney fee awards. In an Order and Judgment entered on November 29, 2012, the United States Court of Appeals for the Tenth Circuit affirmed the judgment of the District Court as well as the award of attorney fees. (Docket No. 298). With respect to the fees, the court specifically found that

> [t]he district court dismissed Defendants pursuant to Rule 12(b), and its application of Colo. Rev. Stat. § 13-17-201 was proper.
>
> We also hold that the district court did not abuse its discretion in the amount of attorney fees awarded. The district court carefully reviewed Defendants' affidavits and time records in support of their fee requests pursuant to the relevant factors set forth in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clear Air*, 483 U.S. 711, 725 (1987). The district court meticulously determined the number of hours spent and the reasonable hourly rate of compensation. The fee awards were therefore reasonable.

(Docket No. 298 at 7-8).

Thereafter, in an Order filed on January 8, 2013, the Tenth Circuit remanded the case to the District Court for the sole purpose of determining the amount of reasonable appellate-related attorney fees. The court stated as follows in that Order:

> Defendants-Appellees Dr. Alan Biddinger; Earik Beann and Wave 59 Technologies International (the "Beann Defendants"); and William

4

> Bradstreet Stewart, the Sacred Science Institute, and the Institute of Cosmological Economics, Inc. (the "Stewart Defendants") move separately for an order awarding appellate-related attorney fees and remanding the case to the district court for a determination of the reasonable amount of such fees. We previously affirmed the district court's award of attorney fees at the district court level pursuant to Colo. Rev. Stat. § 13-17-201. Under Colorado law, a Colorado court must award a defendant in a tort action who prevails on a Rule 12(b) dismissal motion reasonable attorney fees in defending that action. *Jones v. Denver Post Corp.*, 203 F.3d 748, 757 (10th Cir. 2000). "A party who successfully defends a dismissal order is entitled to recover reasonable attorney fees incurred on appeal." *Wilson v. Meyer*, 126 P.3d 276, 284 (Colo. App. 2005).
>
> Plaintiff's arguments against awarding appellate-related attorney fees simply repeat his arguments against awarding attorney fees pursuant to § 13-17-201 in general. We already addressed those arguments and found them lacking. Accordingly, we grant Defendants' request for appellate-related attorney fees and remand to the district court to determine the amount of reasonable fees as guided by *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987).

(Docket No. 300 at 2-3).

Eight days after that Order was filed by the Tenth Circuit, plaintiff filed his "WRITTEN OBJECTIONS TO MOTION FOR AWARD of Attorney Fees by Defendants/Appellees William Bradstreet Stewart, Sacred Science Institute and Institute of Cosmological Economics, Inc. Alan Biddinger, Earik Beann Wave59 Technologies International" (Docket No. 301) in which he argues once again against the imposition of attorney fees. The Tenth Circuit, however, has already ruled on the propriety of the imposition of appellate-related attorney fees in this case. The matter remanded to this court is only a determination of the amount of such attorney fees that should be awarded to the defendants. Moreover, on January 23, 2013, the Tenth Circuit issued an Order concerning plaintiff's objections, finding as follows:

5

> This matter is before the court following the receipt of Appellant Shrader's written objections to our order awarding attorney's fees to the three groups of appellees in this case. We have construed the objections as a petition for panel rehearing of that order. So construed, the petition is denied. See 10th Cir. R. 40.3 ("The court will accept only one petition from any party to an appeal.").
>
> A copy of this order, as well as the January 8, 2013 order awarding attorney's fees shall serve as a supplement to the mandate issued on January 4, 2013.

(Docket No. 310). Therefore, such objections, docketed here as a motion at Docket No. 301, should be denied as moot.

Now before the court, pursuant to the Tenth Circuit's order of remand, are the following three motions: (1) the Motion for Entry of Money Judgment for Attorneys' Fees by Defendant-Appellee Dr. Alan Biddinger (Docket No. 302); (2) the Motion of Wave59 Technologies Int'l, Inc. and Earik Beann for Appeal-Related Attorneys' Fees (Docket No. 306); and (3) the Motion for Award of Attorneys' Fees Incurred on Appeal of Defendants William Bradstreet Stewart, Sacred Science Institute and Institute of Cosmological Economics, Inc. (Docket No. 308). In all three of these motions, the defendants complied with the requirements for seeking attorney fees set forth in D.C.COLO.LCivR 54.3.

Plaintiff has filed his purported objections to such motions. (Docket No. 312). Those objections, however, are identical to what plaintiff filed as Docket No. 301 with only one additional statement that "All attorneys have requested fees in excess of $125.00 an hour, Plus the Hours billed are extremely out of proportion, to the hours needed on this Case." (Docket No. 312 at 4).

The court has carefully reviewed the three motions, including the detailed time

6

statements. In addition, the court has given due consideration to the plaintiff's objections, virtually all of which were already considered and rejected by the Tenth Circuit. Finally, the court has considered applicable Federal Rules of Civil Procedure and case law and has taken judicial notice of the court's file. The court now being fully informed makes the following findings, conclusions of law, and Order.

Section 13-17-201, C.R.S., provides that where any tort action is dismissed on motion of the defendant before trial under Rule 12(b) of the Colorado Rules of Civil Procedure, "such defendant shall have judgment for his reasonable attorney fees in defending the action." § 13-17-201, C.R.S. "The statute has been held equally applicable to a dismissal under Fed. R. Civ. P. 12(b) of a tort claim brought pursuant to Colorado law." Brammer-Hoelter v. Twin Peaks Charter Academy, 81 F. Supp.2d 1090, 1102 (D. Colo. 2000).

When evaluating a motion for attorney fees, the court must follow the three-step process set forth in Ramos v. Lamm, 713 F.2d 546 (10th Cir.1983), overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 725 (1987). Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 2011 WL 3568165, at *2 (D. Colo. Aug. 15, 2011). The first step in determining a fee award is to determine the number of hours reasonably spent by counsel for the party seeking the fees. Ramos, 713 F.2d at 553. Factors considered in a reasonableness determination include: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are

sufficiently detailed, showing how much time was allotted to a specific task. Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 2011 WL 3568165, at *2 (D. Colo. Aug. 15, 2011) (citing Rocky Mountain Christian Church v. Board of County Comm'rs of Boulder County, 2010 WL 3703224, at *2-3 (D.Colo. Sept. 13, 2010)). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Although courts are obligated to exclude hours not reasonably expended from the fee award, courts need not "identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'" Malloy v. Monahan, 73 F.3d 1012, 1018 (10th Cir. 1996) (quoting Hensley, 461 U.S. at 437); Fox v. Vice, 131 S. Ct. 2205, 2216 (2011) ("[C]ourts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.").

Once the Court has determined the number of hours reasonably spent, it must then determine a reasonable hourly rate of compensation. Ramos, 713 F.2d at 555. "A reasonable rate is the prevailing market rate in the relevant community." Malloy, 73 F.3d at 1018 (citing Blum v. Stenson, 465 U.S. 885, 897 (1984)). The party seeking the award has the burden of persuading the court that the hours expended and the hourly rate are both reasonable. Id.

The third step consists of multiplying the reasonable hourly rate by the number of

8

hours reasonably expended to determine the "lodestar" amount. <u>Hensley</u>, 461 U.S. at 433.

Here, defendant Biddinger seeks appellate-related attorney fees in the amount of $23,458.50. More specifically, he seeks an award based on the following hours expended and hourly rates: senior attorney Thomas B. Kelley - 36.4 hours at $455 per hour, for a total of $16,562.00; associate Michael Beylkin - 17.9 hours at $335 per hour, for a total of $5,996.50; legal assistant Marla D. Kelley - 6.2 hours at $75 per hour, for a total of $465.00; paralegal Jennifer Pinkerton-Burke - 2.8 hours at $75 per hour, for a total of $210.00; and paralegal Kathleen Snyder - 3.0 hours at $75 per hour, for a total of $225.00. Defendant notes that although the legal assistant and paralegals actually billed their time at a higher hourly rate, he seeks compensation for their work at the rate of only $75 per hour as that was the rate previously approved in this matter. (See Docket No. 258). The motion is supported by the Declaration of attorney Kelley (Docket No. 303) which details his background and has attached as an exhibit the detailed time statements his firm submitted to Dr. Biddinger for the appellate work in this case.

The Wave59 defendants seek appellate-related attorney fees totaling $11,212.50. More specifically, they seek fees for attorney Jonathan A. Braun for 66 hours at an hourly rate of $165.00, for a total of $10,890.00, and for legal assistant Janet Johnson for 4.3 hours at an average hourly rate of $75.00, totaling $322.50. They have filed attorney Braun's Affidavit which details his background and includes a breakdown of his billing to the Wave59 defendants for the appellate work in this case.

The Stewart defendants seek appellate-related attorney fees totaling $8,239.50, broken down as follows: 28.2 hours by attorney Christ C. Polychron at a rate of $285

per hour (total $8,037.00); 0.5 hours by attorney Rory R. Wicks at a rate of $345 per hour (total $172.50); and 0.4 hours by legal assistant Sara Kent at a rate of $75 per hour (total $30). These hours are supported by their detailed billing entries.

The court has followed the three-step process set forth in Ramos v. Lamm in evaluating these defendants' claims for attorney fees. The court has reviewed the documentation submitted by defense counsel and finds that the number of hours claimed are reasonable. The billing entries attached to all three motions are sufficiently detailed, showing how much time was allotted to the various tasks. The amount of time spent on a the various itemized tasks appears reasonable in light of the complexity of the case, the strategies pursued, and the work necessitated by the plaintiff's filings. In addition, the time expended was reasonable in relation to counsels' experience. Finally, upon review of the billing entries, the court finds that the defendants are entitled to recover fees for the itemized work of the legal assistants/paralegals.

With regard to the reasonableness of the rates, the court is familiar with the rates charged by attorneys in this area. As this court previously noted in this case, Judge Arguello has found that an hourly rate $425 (in fact for Mr. Kelley) was reasonable. Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 2011 WL 3568165, at *9 (D. Colo. Aug. 15, 2011). The court thus finds that the hourly rate sought by senior attorney Kelley ($455) should be reduced to $425.[1] The hourly fees sought by the other

---

[1]Consequently, defendant Biddinger should be awarded a total of $22,366.50, rather than the $23,458.50 sought, broken down as follows: senior attorney Thomas B. Kelley - 36.4 hours at $425 per hour, for a total of $15,470.00; associate Michael Beylkin - 17.9 hours at $335 per hour, for a total of $5,996.50; legal assistant Marla D. Kelley - 6.2 hours at $75 per hour, for a total of $465.00; paralegal Jennifer Pinkerton-Burke - 2.8 hours at $75 per hour, for a total of $210.00; and paralegal Kathleen Snyder

10

attorneys are substantially lower and were previously approved by this court in this case. This court finds that given their experience, skill, and specialization, a rate of $425 per hour for Mr. Kelley and the lower rates sought by the other attorneys are reasonable. In addition, as this court previously found, the $75 hourly fee now sought for legal assistant time is a reasonable hourly rate of compensation in this area.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Plaintiff [sic] WRITTEN OBJECTIONS TO MOTION FOR AWARD of Attorney Fees by Defendants/Appellees William Bradstreet Stewart, Sacred Science Institute and Institute of Cosmological Economics, Inc. Alan Biddinger, Earik Beann Wave59 Technologies International (Docket No. 301) is **DENIED AS MOOT**. It is further

**ORDERED** that the Motion for Entry of Money Judgment for Attorneys' Fees by Defendant-Appellee Dr. Alan Biddinger (Docket No. 302) is **GRANTED** to the extent that defendant Biddinger shall be awarded appellate-related attorney fees in the amount of **$22,366.50**. It is further

**ORDERED** that the Motion of Wave59 Technologies Int'l, Inc. and Earik Beann for Appeal-Related Attorneys' Fees (Docket No. 306) is **GRANTED**, and defendants Wave59 Technologies Int'l and Earik Beann shall be awarded appellate-related attorney fees in the amount of **$11,212.50**. It is further

**ORDERED** that the Motion for Award of Attorneys' Fees Incurred on Appeal of Defendants William Bradstreet Stewart, Sacred Science Institute and Institute of

---

- 3.0 hours at $75 per hour, for a total of $225.00.

11

Cosmological Economics, Inc. (Docket No. 308) is **GRANTED**, and defendants William Bradstreet Stewart, Sacred Science Institute, and Institute of Cosmological Economics, Inc., shall be awarded appellate-related attorney fees in the amount of **$8,239.50**.

It is further **ORDERED** that judgment shall enter accordingly.

Date:  February 22, 2013                                         s/ Michael J. Watanabe
       Denver, Colorado                                          Michael J. Watanabe
                                                                 United States Magistrate Judge